IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS HOPES, | ) |
| | ) Crim. Action No. 13-57 |
| Petitioner, | ) |
| | ) Related to:  Civil Action No. 21-673 |
| v. | ) |
| | ) Judge Cathy Bissoon |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM ORDER**

Petitioner Thomas Hopes having timely responded to the Court's *Miller* Notice requesting that his original motion be withdrawn (Doc. 735), pending before the Court is Petitioner's All-Inclusive Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. 737) filed at Criminal Action No. 13-57 and at Civil Action No. 21-673.  For the reasons stated by the Government in opposition ("Response") (Doc. 745), which are incorporated by reference herein, the Motion will be denied.

**BACKGROUND**

The Court writes exclusively for the parties and therefore sets forth only those facts that are necessary to the disposition of Petitioner's Motion.

On August 6, 2013, Petitioner Thomas Hopes was charged at Count One of the Superseding Indictment at Criminal Action No. 13-57 with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin; at Count Two with possession, use, and discharge of a firearm in furtherance of a drug trafficking crime; and at Count Four with

possession with intent to distribute heroin.  Doc. 122.  After a two-week trial, where Petitioner was tried along with co-defendants Keith Harris and Gregory Harris, Jr., Petitioner was found guilty of Counts 1 and 4.  Doc. 490.  On March 11, 2016, Petitioner was sentenced to 288 months imprisonment and 5 years supervised release.  Doc. 537.  Petitioner appealed his sentence with his co-defendants.  The Court of Appeals for the Third Circuit affirmed his conviction and sentence and found any errors harmless.  United States v. Hopes, 788 F. App'x 135 (3d Cir. 2019).

**ANALYSIS**

I. Need for Evidentiary Hearing

The Court need not hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the record conclusively shows that the petitioner is not entitled to relief.  U.S. v. Ritter, 93 F. App'x 402 (3d Cir. 2004); 28 U.S.C § 2255.  Under this standard, a hearing is unnecessary in this case.

II. Legal Standard

Petitioner moves to vacate his sentence pursuant to 28 U.S.C. § 2255.  Such relief is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

Where a petitioner claims a deprivation of his constitutional right to effective counsel, as Petitioner does here, he must show that "(1) counsel's performance was deficient; and (2)

counsel's deficient performance caused the petitioner prejudice." Ross v. District Attorney of the County of Allegheny, 672 F.3d 198, 210 (3d Cir. 2012) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "To show deficient performance, 'a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness …. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ross, 672 F.3d at 210 (quoting Harrington v. Richter, 562 U.S. 86, 104 (2011)). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" Hinton v. Alabama, 571 U.S. 273, 274 (2014) (quoting Strickland, 466 U.S. at 690). "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected . . . if they are based on professional judgment." Strickland, 466 U.S. at 681. A court "must be highly deferential" in evaluating counsel's performance and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 669. With respect to prejudice, a petitioner must "'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Hinton, 571 U.S. at 275 (quoting Strickland, 466 U.S. at 694); see also Ross, 672 F.3d at 210 (quoting Richter, 131 S. Ct. at 787).

III. Petitioner's Ineffective Assistance Claims

      Petitioner requests that the Court vacate his sentence based on claims that his counsel was constitutionally ineffective. Specifically, Petitioner argues his trial counsel was constitutionally

ineffective for failing to object to the government's opening and closing arguments. Motion at 4-5, 9, 12-13. Petitioner also argues that his trial counsel was deficient with respect to her cross-examinations, giving a cursory reference to the fact that she did not cross-examine three individuals. Id. at 4, 13-14. These are matters of strategy, and nothing Petitioner has provided suggests to the Court that he would be able to meet the Strickland test. See Response at 6-10. The Court does not find that Petitioner's counsel committed error, and even if she had, Petitioner must also show prejudice—meaning that but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Hinton, 571 U.S. at 275 (quoting Strickland, 466 U.S. at 694); see also Ross, 672 F.3d at 210 (quoting Richter, 131 S. Ct. at 787). Petitioner fails to show that here, particularly given that openings and closings are not evidence.

Additionally, Petitioner provides a long laundry list of deficiencies by his trial and appellate counsel identified by paragraphs a through n, most of which are cursory statements without specific details about what Petitioner's allegations are. Motion at 15-18. These include criticism of his trial counsel for failing to object to the use of the term "Uptown Crew," including the fact that she failed to introduce proof that this was not a reference to a drug trafficking organization, but was instead a rap music group and/or a reference to convey resident pride in the uptown neighborhood of Pittsburgh (paragraphs a-d, f-g); criticism of trial counsel for not presenting evidence that Petitioner believes would have been helpful to the jury for drug calculations (paragraph e); criticism of trial counsel's closing arguments (paragraphs h-i); allegations regarding constructive amendment of the original indictment and other issues with respect to the indictment (paragraphs j, m); trial counsel's failure to present evidence on mitigating issues with respect to the quantity of heroin attributable to him at sentencing

(paragraph l); and trial counsel's failure to submit post-trial motions, which is construed as a complaint against appellate counsel as well (paragraph k).  Id.  Last, Petitioner argues that his due process rights were violated because of the "infestation of the entire trial" by the government's use of the term "Uptown Crew" to refer to a criminal drug trafficking organization (paragraph n).  Id.

Once again, Petitioner's complaints about his counsel do not meet the Strickland test. Response at 12.  Petitioner complains that no post-trial motions were filed, but he was able to appeal his sentence, represented by appellate counsel.  As noted above, the Court of Appeals for the Third Circuit ultimately affirmed his conviction and sentence and found any errors harmless. United States v. Hopes, 788 F. App'x 135 (3d Cir. 2019).  Several of the issues raised by petitioner's complaints were already addressed on appeal.  See generally Response.  Petitioner argues that the government at appellate oral argument conceded that "Uptown Crew" was a label and a framing device, and that therefore his due process rights were violated.  Reply (Doc. 757) at 1-3.  However, the record is clear that the use of the term "Uptown Crew" was argued before the undersigned and ruled on in a motion *in limine* prior to the trial—Petitioner's counsel was aware and presumably prepared for the fact that the government would introduce such evidence. Response at 7.  Petitioner's arguments relate also to other issues already addressed on appeal, such as the admissibility of testimony by Task Force Officer Countryman and Special Agent Francis, who referenced "Uptown Crew."  Response at 7-8.  Even assuming that "Uptown Crew" referred only to a rap music group of which Petitioner was a part, the other evidence at trial was convincing to the jury that he was part of a conspiracy that trafficked in heroin.  Response at 12. In short, there is no due process violation here.

None of Petitioner's arguments on the merits are convincing, and the Petition (Doc. 737) is DENIED. No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.


April 18, 2022                                         s\Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States District Judge


cc (via First-Class U.S. Mail):

Thomas Hopes
Inmate Number 34045068
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

cc (via ECF email notification):

All Counsel of Record