**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 13-57 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| THOMAS HOPES, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Defendant's Motion (Doc. 784) for compassionate release, based on health concerns and otherwise, and Defendant's Motion to Amend Custody Classification (Doc. 787) will be denied.

### I.     <u>Motion for Compassionate Release</u>[1]

To the extent that Defendant seeks relief based on his various medical issues, the government is correct that his evidence regarding administrative exhaustion appears to cover only some of those concerns (i.e., hypertension, mental health).  Defendant has not shown that he exhausted his administrative remedies as relates to his alleged potential cancer or stomach ulcers, and his Motion is partially deniable on that basis alone. *See* Doc. 795-1; 18 U.S.C. § 3582(c)(1)(A) (specifying exhaustion requirement).  Even assuming Defendant fully exhausted

---

[1] The compassionate release statute controls the Court's decision here.  Section 3582(c)(1)(A)(i) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that in any case the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).

his administrative remedies, however, the Court also agrees with the Government that he has not demonstrated extraordinary and compelling circumstances that would warrant his release.  As an initial matter, Defendant failed to supply any medical records or other documentation substantiating his claims.  In addition, the prison medical records supplied by the Government (Doc. 795) show only mild to moderate hypertension and a diagnosis of GERD controlled by medication.  The records do not contain any evidence of stomach ulcers or a cancer diagnosis.  Defendant's conditions, as reflected in his medical records simply do not rise to the level of "extraordinary and compelling" reasons within the meaning of the Act.

There is little reason to dwell on these matters, however, because, even assuming Defendant could demonstrate extraordinary and compelling circumstances, he has failed to convince the Court that his release or a reduction in sentence is warranted in light of the Section 3553 factors.  Defendant's crimes in this case were serious.  He was convicted after a jury trial of conspiracy to distribute, possession with intent to distribute and distribution of heroin. *See* Judgment (Doc. 537).  Defendant was sentenced to an effective term of imprisonment of 288 months, *see id.*, and the Judgment was affirmed on appeal.  *See* United States v. Harris, 788 F. App'x 135 (3d Cir. 2019), *cert. denied*, Hopes v. United States, 141 S. Ct. 122 (2020).  This Court denied Defendant's later petition under 28 U.S.C. § 2255 (Doc. 766), and the United States Court of Appeals denied a certificate of appealability (Doc. 783).  Defendant's criminal history also is significant and consistent.  As the Government notes, Defendant has a minimal legal employment history and has been under court supervision of various types since his first conviction at age sixteen.  (Doc. 794, at 8).  Moreover, he has a history of violating his prior sentences in multiple ways, including avoiding supervision, technical violations and committing new crimes.  *See id.* (citing PSIR).

Defendant's significant criminal history, coupled with his total offense level of 36, resulted in an advisory guideline range of 262-327 months incarceration (Doc. 620, at 30-31). As of now, Defendant has served less half of his sentence.  In 2020, Defendant pleaded guilty to engaging in money laundering while incarcerated in the instant case and was sentenced to additional time (Crim. Action No. 19-8, W.D. Pa.).  Also while incarcerated, Defendant committed at least two disciplinary infractions, for which various sanctions were imposed by the prison, including loss of privileges, disciplinary segregation and disallowance of good-time credit.  (Doc. 795-3).

In sum, the undersigned is not persuaded that the requested relief is warranted after considering the Section 3553 factors.  Specifically, granting such relief would afford inadequate weight to considerations regarding Defendant's significant criminal history, the very serious nature of his offenses, the need to avoid unwarranted sentencing disparities and the needs for just punishment and deterrence.

## II.   <u>Motion to Amend Custody Classification</u>

Defendant also has filed a Motion to amend his BOP-designated custody classification from "greatest severity" to "moderate severity."  (Doc. 787).  This Motion, properly construed under 28 U.S.C. § 2241, is procedurally deficient and must be denied.  First, there is no indication that Defendant exhausted his administrative remedies as required prior to filing a motion challenging the execution of a sentence in federal court.  *See* <u>Marti v. Nash</u>, 227 F. App'x 148, 149 (3d Cir. 2007) (citing <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 243-44 (3d Cir. 2005)).  Second, motions under Section 2241 must be filed in the district where the defendant is confined.  *See* <u>Meyers v. Martinez</u>, 402 F. App'x 735, 735 (3d Cir. 2010). Defendant was located at FCI Elkton, in Lisbon, Ohio, when he filed his Motion (Doc. 787) and

3

currently appears to be housed in FCI Berlin, in Berlin, New Hampshire. *See* www.bop.gov/inmateloc (last visited Aug. 16, 2023). Neither of these facilities is located within the Western District of Pennsylvania. Because Defendant filed his Motion in the incorrect forum, it must be dismissed for this reason as well.

For these reasons, along with the others identified in the government's opposition briefs (Docs. 789, 794), Defendant's Motion for Compassionate Release (**Doc. 784**) is **DENIED** and Defendant's Motion to Amend Custody Classification (**Doc. 787**) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.


August 16, 2023                                    s\Cathy Bissoon_____
                                                  Cathy Bissoon
                                                  United States District Judge


cc (via First-Class U.S. Mail, to address found via BOP locator):

Thomas Hopes
USMS 34045068
FCI Berlin
Federal Correctional Institution
P.O. Box 9000
Berlin, NH  03570
cc (via ECF email notification):

All Counsel of Record